UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

RONALD RICHARD WADDELL, JR.,          )
                                      )
              Plaintiff,              )
                                      )
v.                                    )          2:21-CV-178
                                      )
                                      )
GREENEVILLE POLICE DEPARTMENT         )
et al.,                               )
                                      )
              Defendants.             )


**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the

same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, Plaintiff's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. [1] The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

## I.       FACTUAL ALLEGATIONS

Plaintiff has filed a suit[2] for injunctive relief and damages against Officers Matthew Stanley, Eric Scott, Kevin Gass, and Eddie Key, an unidentified officer, Judge Kenneth Bailey,

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).
[2] Plaintiff submitted a "supplement" to his Complaint wherein he requests a trial by jury; however, that request has no bearing on the analysis the Court is called upon to undertake in evaluating Plaintiff's Complaint.

Jr., District Attorney General Dan Armstrong, and the Greeneville Police Department. [Doc. 2]. On May 13, 2019, Plaintiff alleges he was taken into law enforcement custody at his home. At the time of his arrest, Plaintiff advises he was fully compliant with law enforcement and was already detained by Eddie Key, a police lieutenant. Despite being in custody, Plaintiff alleges another officer used excessive force while placing him on the ground. As a result, Plaintiff's finger was dislocated. Another officer then "close-fist" punched Plaintiff's face, while a third officer held a taser to Plaintiff's forehead. During this period, Plaintiff alleges he tried to alert officers to his injuries but received no help. Instead, Plaintiff alleges he was led to the police car with his dislocated finger. Plaintiff fails to specify the specific officer that undertook each alleged action. Additionally, Plaintiff notes that he was transported to a local hospital but does not provide information about the treatment he received or any medical findings. Plaintiff suggests he was later wrongly charged. As a further allegation against the officers, Plaintiff asserts that they conspired to defame him with false allegations leading to the criminal charges that were brought against him.

After being charged, Plaintiff visited local attorneys seeking representation but suggests that multiple attorneys declined to take his case because of their regular work with law enforcement and the justice system. Later, at trial, Plaintiff suggests he was the victim of wrongful conduct by District Attorney Armstrong. Plaintiff characterizes the prosecution's strategies as "malicious" and criticizes the prosecution's plea negotiation tactics. During his court proceedings, Plaintiff notes he was not privy to a chambers conference conducted by Judge Bailey with District Attorney Armstrong and Plaintiff's criminal attorney. Plaintiff further alleges that Judge Bailey failed to intercede to protect his rights over the course of the case despite a witness providing conflicting testimony and the body camera footage demonstrating that he had not committed a crime. Moreover, Plaintiff alleges the Greeneville Police Department was at fault for permitting his

wrongful arrest and the charges brought against him, and the City of Greeneville[3] is responsible for allowing the corruption of its justice system. As a result of these alleged wrongs, Plaintiff requests injunctive relief and damages. [Doc. 2, p. 7-8].

## II.  LEGAL ANALYSIS

### a.  *Leniency afforded to pro se litigants*

Because Plaintiff is proceeding pro se, the Court will liberally construe his claims. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Still, even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. CIV.A 3:10CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985)).

### b.  *Law governing claims alleging violation of civil rights like those alleged by Plaintiff*

The Court will begin its analysis by reviewing Plaintiff's allegations against governmental officials in conjunction with the requirements set forth in 42 U.S.C. § 1983. That Section creates

---

[3] Plaintiff did not name the City of Greeneville as a defendant.

a federal cause of action where a person acting under color of law causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." To successfully pursue a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

Here, the court is presented with civil rights claims against law enforcement officers, a judge, a district attorney, and a municipality. With the above framework in mind, the Court turns to the substance of each class of claims.

### c. *Claims arising from May 13, 2019 encounter are time-barred*

Plaintiff's claims against law enforcement officers arise from actions taken during his arrest on May 13, 2019. Civil rights claims, like those raised in the instant action, must be filed within "the applicable state-law period for personal injury torts." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005). In Tennessee, such claims must be filed within one year after a plaintiff's cause of action accrues. *See Laney Brentwood Homes, LLC v. Town of Collierville,* 144 Fed. App'x. 506, 509 (6th Cir. 2005); *see also* Tenn. Code Ann. § 28-3-104(a)(1), (3). A cause of action accrues in a § 1983 civil rights claim "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F. 2d 262, 273 (6th Cir. 1984).

In this case, the alleged wrongdoing that gave rise to Plaintiff's lawsuit occurred on or about May 13, 2019. Plaintiff knew or should have known about the alleged wrongdoing on or about that date but failed to take action until well more than one year has passed. Claims that are barred by the applicable statute of limitations are considered frivolous. *See Weron v. Cherry*, No. 1:08-CV-201, 2008 WL 4614335, at *3 (E.D. Tenn. Oct. 14, 2008). Accordingly, Plaintiff's claims against the named officers are time-barred and cannot proceed under applicable law.

### d. Claims raised against Judge Bailey may not proceed.

In addition to his claims against the officers, Plaintiff alleges that Judge Bailey violated his civil rights by failing to prevent a malicious prosecution and by holding a chambers conference with prosecution and defense counsel. Generally, judges "have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). Even so, not every action taken by a judge in his or her judicial capacity will be covered by this immunity. *Id.* Instead, the Court looks at whether the judicial conduct alleged occurred in the absence of any legal authority. *Id.* In other words, the Court considers whether a judge's actions occurred in the absence of all jurisdiction. *Mireles*, 502 U.S. at 12. The Court will find that a judge has acted "in the clear absence of all jurisdiction if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). So long as they have subject matter jurisdiction, judges are granted immunity even where "they act erroneously, corruptly or in excess of jurisdiction." *Id.* (citing *Stump v. Sparkman,* 435 U.S. 349, 356-59 (1978); *Bradley v. Fisher,* 80 U.S. [13 Wall.] 335, 351, 20 L.Ed. 646 (1871); *Sevier v. Turner,* 742 F.2d 262, 271 (6th Cir. 1984)). Here, Plaintiff has failed to specify in what way he contends that Judge Bailey acted in the absence of authority in overseeing Plaintiff's criminal case. Here, the Court takes judicial notice of the fact that Judge Bailey's

jurisdiction includes overseeing criminal cases. *See Bailey v. City of Ann Arbor*. 860 F.3d 382, 386 (6th Cir. 2017) (stating matters of public record are appropriate for judicial notice). Because Judge Bailey is entitled to judicial immunity, the law does not permit Plaintiff's claim against him to proceed beyond the §1915 screening process.

### e. Claims raised against District Attorney Armstrong may not proceed.

Plaintiff also asserts that his rights have been violated by prosecutorial decisions made by District Attorney General Dan Armstrong; however, the Court notes that choices made in "seeking indictments" and "engaging in prosecutions are fundamental functions of a prosecutor entitling them to absolute immunity." *Jarvis v. Hamilton Cty. Dep't of Educ.,* No. 1:17-CV-00172, 2019 WL 1368618, at *12 (E.D. Tenn. Mar. 26, 2019) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)). In considering whether absolute immunity applies, the Court looks at "'the nature of the function performed, not the identity of the actor who performed it.'" *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003) (quoting *Buckley*, 509 U.S at 269). Courts do not typically second guess prosecutorial decision-making as doing so would risk weakening a "fearless and impartial policy which should characterize the administration of [the prosecutor's] office." *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Here, Plaintiff directly challenges District Attorney Armstrong's decision to prosecute him, his courtroom tactics, and his behavior in plea negotiations. These are precisely the types of decisions prosecutors must make day after day. Applying the applicable legal principles, the Court must refrain from second-guessing these decisions because District Attorney Armstrong is entitled to absolute immunity under the facts set forth by Plaintiff.

### f. Claims raised against the Greeneville Police Department may not proceed.

Lastly, Plaintiff alleges that the Greeneville Police Department allowed the above wrongs to transpire. As an initial matter, the Court notes that a suit against a local government department may be construed as a claim against the county or city of which it is a part. *See Turner v. Borrower*, No. 3:12-CV-206, 2012 WL 1048824, at *5 (M.D. Tenn. Mar. 28, 2012). In other words, a claim against the Greeneville Police Department may be construed as a claim against the City of Greeneville. To proceed with this type of claim, a plaintiff must: '(1) identify a municipal policy or custom; (2) connect that policy or custom to the [local government]; and (3) show that the execution of the policy or custom caused a constitutional injury.'" *Rogers v. Ryan*, No. CV 16-12735, 2019 WL 2537549, at *1 (E.D. Mich. June 20, 2019) (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Plaintiff's complaint is devoid of facts suggesting the City of Greeneville has a policy of supporting violent arrest techniques, advocating for wrongful prosecutions, or otherwise impeding recognized judicial practices in the State of Tennessee. Accordingly, claims against the Greeneville Police Department, which have been construed as claims against the City of Greeneville, may not proceed beyond the §1915 screening stage.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff has failed to assert any claim that should proceed beyond the §1915 screening stage. Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint [Doc. 2] be **DISMISSED** with prejudice.

This Report and Recommendation is to be presented to the District Court under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters

proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[4]

Respectfully submitted,


s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[4] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).